U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York   11201*

April 19, 2012

**BY ECF**

Honorable Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *United States of America v. Emma Poroger, D.O.*
     Cr. No. 11-742

Dear Judge Amon:

  We represent the United States in the above-referenced case.  On March 28, 2012, the defendant was scheduled to enter a plea to the Indictment. Based on discussions with the defendant's counsel, the Government expects the defendant to allocute to actual knowledge. However, the Court asked the Government to research the issue of whether a conscious avoidance theory of *mens rea* can be applied in the context of a scheme to defraud case where specific intent is required.   The Government hereby provides the following case law in response to the Court's request. As detailed below, Second Circuit case law confirms that a district court has a sufficient factual basis for a guilty plea based on a defendant's allocution to conscious avoidance of knowledge.

  At the outset, the Government notes that the defendant is charged with 14 counts of violating of 18 U.S.C. § 1347, health care fraud; as well as aiding and abetting such violations, under 18 U.S.C. § 2.   The health care fraud statute provides, in part, "With respect to violations of this section, a person need **not** have actual knowledge of this section **or specific intent to commit a violation of this section**." 18 U.S.C. § 1347(b) (emphasis supplied).

  The Second Circuit and its district courts have held that a district court has a sufficient factual basis for a guilty plea based on a defendant's allocution to conscious avoidance of knowledge. Authorities include the following cases:

  *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (holding that district court had a sufficient factual basis for a guilty plea because evidence of defendant's "conscious avoidance"

of knowledge that his acts were illegal "would suffice to provide the knowledge element" under mail fraud statute if the case had gone to trial).

*United States v. Berger*, 188 F. Supp. 2d 307, 329-30 (S.D.N.Y. 2002) (when a defendant pled guilty to securities fraud in violation of 15 U.S.C. § 78j(b), the court denied defendant's motion to withdraw his guilty plea, finding his conscious avoidance sufficed to prove the knowledge element. Defendant had admitted "I closed my eyes in doing what I did.").

*See also Rosenthal v. New York Univ.*, 08 CIV 5338 LAK, 2010 WL 3564975, *2, n.25 (S.D.N.Y. Sept. 13, 2010) (in this civil action, plaintiff, who had pled guilty to securities fraud conspiracy in a prior criminal case claimed, "my plea was for conscious avoidance of securities laws, which is materially different from a customary guilty plea as a matter of both law and fact." The court rejected defendant's contention held, "Rosenthal in fact pleaded guilty to conspiracy to commit securities fraud in violation of 18 U.S.C. § 371. While his allocution satisfied the requirement of 'knowing' misconduct on a conscious avoidance theory, Rosenthal admitted that he had known that his brother, to whom he had tipped insider information 'was an active trader of securities' and that he 'turned a blind eye to [the fact] that [his] brother was going to trade in violation of United States securities law on information that [he] provided to him.' ... That admission was the 'legal equivalent' of actual knowledge. *United States v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003). It stands on no lesser footing.").

Additionally, numerous Second Circuit cases confirm that the use of a conscious avoidance jury instruction in "scheme to defraud" cases is proper. *See* 12 ALR Fed. 2d 599 (collecting Second Circuit cases); *U.S. v. Svoboda*, 347 F.3d 471, *cert. denied*, 541 U.S. 1044 (2004) (conscious avoidance jury instruction proper in securities fraud prosecution); *U.S. v. Bakal*, 20 Fed. Appx. 37, 42 (2d Cir. 2001) (holding that conscious avoidance charge is appropriate for specific intent crimes such as conspiracy to commit and aiding and abetting in the commission of securities fraud. "[T]he fact that Buonocore was charged with crimes requiring proof of specific intent does not negate the applicability of a conscious avoidance charge."); *U.S. v. Nachamie*, 28 Fed. Appx. 13 (2d Cir. 2001) (holding in a prosecution for, *inter alia*, mail fraud involving fraudulent submission of false claims for physician's services to Medicare, that a conscious avoidance instruction to the jury was warranted); *U.S. v. Kahn*, 53 F.3d 507, 516-517 (2d Cir. 1995) (holding that district court's conscious avoidance charge to the jury was not plain error in a prosecution for conspiring to participate in, and participating in, a racketeering enterprise that was designed to defraud the New York state Medicaid system in violation of RICO, 18 U.S.C. § 1962 (c) and (d) and mail fraud, 18 U.S.C. § 1341).

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
Sarah M. Hall
Trial Attorney
(202) 549-5864

cc: Nathan Dembin, Esq. (By ECF)